IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JEMADARI CHINUA WILLIAMS, # 1096436, | § § § § | |
| *Plaintiff* | § § | CIVIL ACTION |
| vs. | § § | NO. SA-18-CA-1235-XR |
| BEXAR COUNTY SHERIFF'S OFFICE, S.E.R.T. OFFICER # 1537, and DEPUTY F/N/U McDERMOTT, | § § § § § | |
| *Defendants* | § § | |

## **ORDER**

Before the Court in the above-styled cause of action is Plaintiff Jemadari Chinua Williams' Motion for Appointed Counsel [# 16]. Plaintiff sues Defendants for violating his civil rights under 42 U.S.C. § 1983, alleging that on February 20, 2018 he was assaulted by other Bexar County Adult Detention Center (BCADC) inmates at the direction of Deputy McDermott and on February 24, 2018 he was subjected to excessive force by BCADC SERT officer # 1537. This Court has the discretion to appoint counsel for indigent plaintiffs in a Section 1983 civil rights case if doing so would advance the proper administration of justice. *See Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982). However, the appointment of counsel in a civil case is a privilege, not a constitutional right. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982).

The Court is only required to appoint counsel, such that the denial of counsel constitutes an abuse of discretion, where the case presents exceptional circumstances. *Ulmer*, 691 F.2d at 212. In evaluating whether a case involves "exceptional circumstances," a court should consider the following factors: (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting his case; (3) whether the plaintiff is in a position to investigate adequately the case; (4) whether the evidence will consist in large part of conflicting testimony

so as to require skill in the presentation of evidence and in cross examination; and (5) whether the appointment of counsel would be a service to the plaintiff and, perhaps, the court and defendant as well, by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination. *Id.* at 213 (citations omitted).

The Court has reviewed Plaintiff's Complaint and finds that none of these factors cut in favor of finding that exceptional circumstances are present in this case that would require the appointment of counsel, and the Court declines to exercise its discretion and otherwise appoint counsel. Although Plaintiff lacks the financial resources to retain private counsel, Plaintiff's pleadings indicate that his case is not particularly complex, and he has the ability to articulate the basis of and present the facts pertinent to his claims. Accordingly, the Court will deny Plaintiff's request for counsel.

In accordance with the foregoing:

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel [# 5] is **DENIED WITHOUT PREJUDICE**.

SIGNED this 6th day of August, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE