UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **JEMADARI CHINUA WILLIAMS,** **TDCJ #02313997,** | § § § |
| **Plaintiff,** | § § |
| v. | § § SA-18-CV-01235-XR |
| **BEXAR COUNTY, ET AL.,** | § § § |
| **Defendants.** | § |

**ORDER**

Before the Court is an untitled document filed by Plaintiff Jemadari Chinua Williams ("Williams"). (ECF No. 85). The Court construes the document filed by Williams as two motions: (1) a motion to supplement his response to Defendant Bexar County's motion for summary judgment with a Rolling Stone magazine article; and (2) a motion to compel responses to interrogatories. Defendant Bexar County filed a response to the motion to compel and therein moved to quash the interrogatories. (ECF No. 86). Upon consideration, the Court orders Williams's motion to supplement his response **DENIED**, Williams's motion to compel responses to interrogatories **GRANTED**, and Bexar County's motion to quash **DENIED**. (ECF Nos. 83, 86).

**A. Williams' Motion to Supplement Response to Motion for Summary Judgment**

Currently pending before the Court is Bexar County's Motion for Summary Judgment and Williams's response thereto.[1] (ECF Nos. 75, 79). Bexar County's motion for summary judgment was filed August 20, 2020, and Williams's response was filed October 6, 2020. (ECF Nos. 75, 79). Williams seeks to supplement his response to Bexar County's motion for summary judgment with an article from Rolling Stone magazine. (ECF No. 85). The July 2020 article is entitled "Why

---

[1] The Court previously granted summary judgment in favor of Defendant Corporal Jontell Ezell. (ECF No. 71). The Court is still attempting to serve Defendant Andrew McDermott.

Policing is Broken" and addresses various aspects of police brutality. (*Id.*). In his 42 U.S.C. § 1983 Amended Complaint and a supplement thereto, Williams claimed, in part, a violation of his Eighth Amendment rights based on the use of excessive force by guards at the Bexar County Adult Detention Center. (ECF Nos. 18–19). He desires "to present" the Rolling Stone article "for the Court's consideration," apparently in support of his response to Bexar County's motion for summary judgment. (ECF No. 85).

The Rolling Stone article is akin to a newspaper article. The Fifth Circuit has held in numerous cases that newspaper articles are not proper summary judgment evidence to prove the facts reported therein because they are inadmissible hearsay. *See, e.g., James v. Tex. Collin Cnty.*, 535 F.3d 365, 374 (5th Cir. 2008) (citing *Roberts v. City of Shreveport*, 397 F.3d 287, 295 (5th Cir. 2005)). The information in the article is hearsay and has no bearing on the specific facts in Williams's case. Accordingly, the Court finds the article is not proper summary judgment evidence. *See id.*

**B. Williams's Motion to Compel & Bexar County's Motion to Quash**

Williams seeks to compel responses to interrogatories, which he claims will establish a "pattern of conduct which is ratified by [Bexar County] policy makers." (ECF No. 85). Bexar County admits in its response to Williams' motion to compel that its attorney received the interrogatories from Williams in February 2020, but citing Federal Rules of Civil Procedure 33, argues the interrogatories were not properly served because they were not directed to a particular party. (ECF No. 86); *see* FED. R. CIV. P. 33. Bexar County argues the only defendants at the time it received the interrogatories were Corporal Jontell Ezell and the Bexar County Sheriff's Office, which is a non-jural entity. (ECF No. 86). Because Bexar County was not identified in the

interrogatories as a defendant, Bexar County argues they were not properly served on Bexar County, and therefore, the attorney took no action on the interrogatories. (*Id.*).

However, as explained in the August 8, 2019 Order, this Court—based on a liberal construction of Williams's pleadings—construed Williams's section 1983 claims against the BCSO as claims against Bexar County. (ECF No. 23). Based on this construction, the Court ordered service on Bexar County, which was accomplished on September 30, 2019. (ECF Nos. 23, 24, 30). Thus, by September 30, 2019, approximately five months *before* Williams served his interrogatories on Bexar County's attorney, Bexar County was a defendant in this matter. Bexar County knew or should have known it was a defendant in this case when its attorney received the interrogatories. (ECF Nos. 23, 24, 30). Moreover, given that the interrogatories were served on Bexar County's attorney, as well as the nature of the interrogatories themselves, the Court finds Bexar County should have known the interrogatories were directed to Bexar County (or the other defendant at the time, Corporal Ezell, who was represented by the same attorney as Bexar County) and should have responded to them in accordance with the Federal Rules of Civil Procedure.

Accordingly, the Court finds Williams's motion to compel should be granted and Bexar County must respond to the interrogatories it admittedly received on February 19, 2020. (ECF Nos. 85, 86). The Court further finds Bexar County's motion to quash the interrogatories should be denied.

**IT IS THEREFORE ORDERED** that Williams's motion to supplement his response to Bexar County's motion for summary judgment (ECF No. 85) is **DENIED**.

**IT IS FURTHER ORDERED** that Williams' motion to compel responses to the interrogatories received by Defendant Bexar County on February 19, 2020 (ECF No. 85) is **GRANTED**.

**IT IS FURTHER ORDERED** that Bexar County's motion to quash the interrogatories it received on February 19, 2020 (ECF No. 86) is **DENIED**.

**IT IS FURTHER ORDERED** that Bexar County shall serve its responses to Williams's interrogatories on Williams **on or before January 22, 2021**. **No extensions of time will be granted absent proof of extraordinary circumstances.**

**IT IS FINALLY ORDERED** that if Williams intends to supplement his response to Bexar County's motion for summary judgment based on Bexar County's response to the interrogatories, he must file the supplement **on or before February 12, 2021. No extensions of time to file a supplement will be granted absent proof of extraordinary circumstances.**

The Clerk is DIRECTED to administratively close this case pending further order of the Court. The effect of an administrative closure is no different from a simple stay, except that it affects the count of active cases pending on the court's docket. This case still exists on the docket of the court and may be reopened upon request of the parties or on the court's own motion. Parties may continue to file documents in the case.

SIGNED this 14th day of January, 2021.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE