UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JEMADARI CHINUA WILLIAMS,** <br> **TDCJ #02313997** <br><br> **Plaintiff,** <br><br> v. <br><br> **BEXAR COUNTY, ANDREW MCDERMOTT, and CORPORAL JONTELL EZELL, Badge #1537,** <br><br> **Defendants.** | §§§§§§§§§§§§§ | SA-18-CV-01235-XR |

**ORDER**

Before the Court is an untitled document filed by Plaintiff Jemadari Chinua Williams ("Williams") in this 42 U.S.C. § 1983 action. (ECF No. 102). After review, the Court interprets the document as including a "Motion to for Leave to Amend Complaint," a "Motion to Alter or Amend Judgment Pursuant to Rule 59(e)," a "Motion to Join," and alternatively, a "Motion to Appoint Counsel." Upon consideration, the Court orders all of the motions **DENIED**. (*Id.*).

*Motion for Leave to Amend Complaint*

Williams first asks this Court for leave to file an amended complaint. (ECF No. 102). He states that he seeks to amend to "clarify a few points which [he] has apparently miscommunicated." (*Id.*). However, the Court finds Williams seeks more than merely to clarify. He in fact desires to amend to alter his self–defined term of "greenlighting," which is the basis of his Eighth Amendment claims against Defendant Bexar County and Defendant Andrew McDermott. (*Id.*). This request to amend comes only after this Court granted summary judgment in favor of Defendant Bexar County based on the definition of greenlighting specifically set out in Williams's Amended Complaint and supplement thereto. (ECF Nos. 18, 19, 96).

The time for Williams to freely amend his Complaint has expired. *See* FED. R. CIV. P. 15(a)(1). His original Complaint was filed in November 2018. (ECF No. 1). He first requested to amend his Complaint in June 2019. (ECF No. 13). That motion was granted and Williams filed an Amended Complaint and a supplement thereto in July 2019. (ECF No. 14, 18, 19). Williams then filed a second supplement in January 2020. (ECF No. 45). That same month he filed yet another motion to amend. (ECF No. 47). That motion was granted to the extent the Court construed it as a request to add additional claims for relief. (ECF No. 58). Now, more than two years after his original Complaint, more than a year after the Court granted his second request to supplement his Amended Complaint, and after the Court granted summary judgment in favor of two of the Defendants, Williams seeks to amend yet again. (ECF No. 102). However, as noted above, contrary to his contention, he seeks not merely to clarify the basis of his Eighth Amendment section 1983 claims, but to significantly alter it following this Court's granting of summary judgment in favor of Defendant Bexar County by recharacterizing his definition of the term "greenlighting," which he specifically defined in his 2019 supplement. (ECF Nos. 19, 102).

Rule 15(a)(2) permits a complaint to be amended after the time for freely amending has expired only with the opposing party's consent or leave of court. FED. R. CIV. P. 15(a)(2). A court should freely give leave only when justice requires it. (*Id.*). In determining whether to allow leave to amend, the Court should consider: (1) the explanation for the failure to timely amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *S&W Enterps., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).

2

After considering these factors, the Court finds they do not weigh in favor of permitting Williams to amend yet again. *See id.* The Court finds disingenuous Williams's explanation that he needs to amend merely to clarify his claims. (ECF No. 102). William seeks to alter the very basis of his Eighth Amendment claims only after this Court granted summary judgment in favor of one of the defendants, Bexar County, based on Williams's own definition of the term "greenlighting," which is at the heart of his claim. (ECF Nos. 19, 96, 102). The Court finds justice would not be served by permitting Williams at this stage of the litigation to fundamentally alter the basis of his Eighth Amendment claim by wholly redefining the term upon which the claim is based. Moreover, it would prejudice Defendant Bexar County, who has already been granted summary judgment, as well as Defendant McDermott, to allow Williams to completely change the basis of his Eighth Amendment claim at this stage of the litigation. A continuance would not cure the prejudice to Defendant Bexar County or to McDermott. The amendment sought by Williams would call into question the basis of the summary judgment in favor of Bexar County as to the Eighth Amendment claim; Bexar County based its motion on Williams definition of greenlighting. (ECF Nos. 75, 96). Moreover, it would prejudice McDermott to allow Williams to alter the basis of his Eighth Amendment claim from the way it was alleged against Bexar County. To allow amendment at this point would be giving Williams a second bite at the apple after this Court has determined the claim asserted lacks merit. Accordingly, the Court denies Williams's motion for leave to amend.

### *Motion to Alter or Amend Judgment Pursuant to Rule 59(e)*

Williams next challenges this Court's Order granting summary judgment in favor of Defendant Bexar County. (ECF No. 96, 102). He contends the summary judgment should be

3

reversed because his failure to verify his pleadings should not be held against him and based on his unverified statements, there is ample evidence of custom sufficient to held Bexar County liable. (*Id.*).

In the Order granting summary judgment, this Court noted that in order to hold Bexar County liable based on the existence of a custom, Williams was required to allege a pattern of incidents similar to those upon which his section 1983 claim was based. (ECF No. 96); *see McClendon v. City of Columbia*, 258 F.3d 432, 441–43 (5th Cir. 2001), *rev'd en banc in other respects, this portion of opinion reinstated*, 305 F.3d 314, 321 n.3 (5th Cir. 2002). Bexar County claimed in its motion for summary judgment that as a matter of law Williams had not alleged sufficient incidents to establish a pattern so as to establish the existence of a custom. (ECF No. 75). Although the Court noted Williams' Amended Complaint and supplement were unverified, and therefore not competent summary judgment evidence, it found that even if the statements in those documents were accepted as true, Williams failed to allege sufficient incidents to establish a pattern, which negated the existence of a custom of greenlighting as defined by Williams. (ECF No. 96). Thus, contrary to Williams's assertion, the Court did not base its decision to grant summary judgment in favor of Bexar County on the fact that Williams's pleadings were unverified and the Court specifically found Williams alleged an insufficient number of like incidents to establish a pattern whether his pleadings were verified or not. (*Id.*). Accordingly, the Court finds Williams's Rule 59(e) motion should be denied.

*Motion to Join*

Williams contends his section 1983 action should be "joined" with one filed by "Rudolfo Carrazco." (ECF No. 102); *see Carrazco v. Bexar County*, No. 5:19-CV-00274-OLG (W.D. Tex. filed Mar. 18, 2019). The Court interprets this as a request to consolidate his section 1983 action with the one filed by Carrazco.

Rule 42 permits the consolidation of actions if they involve a common question of law or fact. FED. R. CIV. P. 42(a)(2). Courts have broad discretion in determining whether actions should be consolidated. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989). Consolidation may be denied where the actions are at different stages of preparedness for trial. *Id.*

In his supplemental response to Bexar County's motion for summary judgment, Williams attached a copy of an amended complaint filed by Rudolfo Carrazco. (ECF No. 94, Exh. 5); *see Carrazco v. Bexar County*, No. 5:19-CV-00274-OLG (W.D. Tex. filed Mar. 18, 2019). In 2019, Carrazco brought a section 1983 action against Bexar County in which he alleged the County violated his rights under the Eighth Amendment by virtue of its "de facto policy [of] permitting Bexar County Jail Guards to establish and operate what amounted to a 'fight club,'" staging and betting on the outcome of fights between inmates. (ECF No. 94, Exh. 5); *Carrazco v. Bexar County*, No. 5:19-CV-00274-OLG (W.D. Tex. filed Mar. 18, 2019). This contention is completely different from the one alleged by Williams in his action against Bexar County or McDermott. (ECF No. 18, 19). Williams specifically alleged Bexar County violated his Eighth Amendment rights based on a custom of allowing jail officials to consent to inmates' "policing" other inmates by means of physical assault. (ECF No. 19).

Moreover, the two actions are at completely different stages of preparedness. Scheduling Orders have been rendered in each case. In Carrazco's action, discovery must be completed by April 19, 2021, and dispositive motions are due by May 12, 2021. *Carrazco v. Bexar County*, No. 5:19-CV-00274-OLG (W.D. Tex. filed Mar. 18, 2019). A pretrial conference is set for September 8, 2021. *Id.* In Williams's case, with regard to his remaining section 1983 claim against Defendant McDermott, the discovery period does not end until August 23, 2021, and dispositive motions are not due until September 23, 2021. No date for a pretrial conference has been set. (ECF No. 97). Thus, the actions are at different stages and although they involved a common party, Bexar County, the claims are very different. Accordingly, the Court finds consolidation is not warranted.

### *Motion to Appoint Counsel*

Finally, in a single sentence, Williams asks the Court to appoint counsel for him if the Court declines to consolidate his case with that of Carrazco, who has retained counsel. Courts may appoint counsel for *in forma pauperis* proceedings. 28 U.S.C. § 1915(e)(1). However, there is no automatic right to appointment of counsel in a civil rights case. *Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007). Federal courts have considerable discretion in determining whether counsel should be appointed. *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). In evaluating whether the appointment of counsel is appropriate, "the district court considers the type and complexity of the case, the litigant's ability to investigate and present the case, and the level of skill required to present the evidence." *Baranowski*, 486 F.3d at 126. The Court need not appoint counsel unless the case presents exceptional circumstances that are dependent on the type

6

and complexity of the case and the abilities of the individual pursuing the case. *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

The Court finds Williams has not demonstrated exceptional circumstances exist that would warrant appointment of counsel. *See id.* This case is not complex and although Williams is *pro se* and incarcerated, he has demonstrated he is very capable of presenting motions and filing papers. *See Baranowski*, 486 F.3d at 126. Should circumstances change as this litigation proceeds against the remaining defendant, Williams may renew his motion for appointment of counsel. The Court may also consider appointing counsel on its own motion.

**IT IS THEREFORE ORDERED** that Williams's "Motion to for Leave to Amend Complaint," "Motion to Alter or Amend Judgment Pursuant to Rule 59(e)," "Motion to Join," and "Motion to Appoint Counsel" (ECF No. 102) are **DENIED**.

It is so **ORDERED**.

**SIGNED** this 11th day of March, 2021.

Xavier Rodriguez
United States District Judge