UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JEMADARI CHINUA WILLIAMS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | SA-18-CV-01235-XR |
| § | |
| BEXAR COUNTY, ANDREW § | |
| MCDERMOTT, and CORPORAL § | |
| JONTELL EZELL, Badge #1537, § | |
| § | |
| Defendants. § | |

**ORDER**

Before the Court are Plaintiff Jemadari Chinua Williams's ("Williams") 42 U.S.C. § 1983 Amended Complaint and two supplements thereto, Defendant Andrew McDermott's "Motion for Summary Judgment and Supporting Brief," Williams's response and supplemental response to Defendant McDermott's motion for summary judgment, Williams's Motion for Summary Judgment, and Williams's motion for appointed counsel.[1] (ECF Nos. 18, 19, 45, 140, 143, 147, 160). The Court previously granted Williams's request to supplement his summary judgment response and supplemental response to Defendant McDermott's motion for summary judgment with the exhibits attached to his previously filed supplemental responses to the motions for summary judgment filed by Defendants Corporal Jontell Ezell and Bexar County. (ECF Nos. 68, 94, 150, 157). Thus, the Court will consider those document in its review. (ECF Nos. 68, 94).

---

[1] Williams's motion for summary judgment is nothing more than a single page with a single paragraph in which he requests summary judgment in his favor or a trial on the merits. (ECF No. 160). The motion contains no argument and references no evidence or documents. (*Id.*).

Upon review, the Court orders Defendant McDermott's motion for summary judgment **GRANTED**, Williams's motion for summary judgment **DENIED**, and Williams's motion for appointed counsel **DISMISSED WITHOUT PREJUDICE AS MOOT**. (ECF Nos. 139, 140, 160).

### FACTUAL AND PROCEDURAL BACKGROUND

According to the evidence before the Court, Williams was booked into the Bexar County Adult Detention Center ("BCADC") on February 13, 2018, on a robbery charge. (ECF No. 66, Exh. 2); *see* FED. R. CIV. P. 56(c)(3) (stating that in review of motion for summary judgment, court need consider only cited materials but may consider other materials in the record). In his Amended Complaint and a supplement thereto, Williams contends that while he was confined in the BCADC he was: (1) physically assaulted by a group of inmates based on a "greenlight" by Defendant McDermott, a former deputy with the Bexar County Sheriff's Office ("BCSO"), in violation of his Eighth Amendment rights; (2) physically assaulted by Defendant Ezell, a corporal with the BCSO, in violation of his Eighth Amendment rights; and (3) denied access to religious items and services in violation of his First Amendment rights and assaulted by other inmates in violation of his Eighth Amendment rights due to Bexar County customs and policies that permit these acts. (ECF Nos. 18, 19).[2]

Relevant to the motions and responses before the Court at this time, Williams contends Defendant McDermott violated his Eighth Amendment rights by "sanctioning" his assault by other inmates based on Williams's criticism of another BCSO deputy's failure to intervene in a

---

[2] Defendants Ezell and Bexar County filed separate motions for summary judgment. (ECF Nos. 66, 75). The Court previously granted both motions. (ECF Nos. 71, 96) Thus, the only issues before the Court at this time are those relating to Williams's Eighth Amendment claim against Defendant McDermott.

physical altercation between two other inmates. (ECF No. 19). For the alleged constitutional violation, Williams seeks monetary damages and injunctive and declaratory relief. (ECF No. 45).

## ANALYSIS

Defendant McDermott asserts, among other things, that summary judgment in his favor is proper with regard to Williams's Eighth Amendment claim because Williams failed to exhaust his administrative remedies before filing suit as required by the Prison Litigation Reform Act ("PLRA"). *See* 42 U.S.C. § 1997e(a). Because the Court finds this issue dispositive, it need not consider the remaining summary judgment grounds asserted by Defendant McDermott.

### *Applicable Law*

1. <u>Standard of Review</u>

A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see Bargher v. White*, 928 F.3d 439, 444 (5th Cir. 2019); *Funches v. Progressive Tractor & Implement Co., L.L.C.*, 905 F.3d 846, 849 (5th Cir. 2018). Where the nonmovant bears the burden of proof at trial, the summary judgment movant must offer evidence that undermines the nonmovant's claim or point out the absence of evidence supporting essential elements of the nonmovant's claim; the movant may, but need not, negate the elements of the nonmovant's case to prevail on summary judgment. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 885 (1990). A complete failure of proof as to an essential element of the nonmovant's case renders all other facts immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the movant shows entitlement to judgment as a matter of law, the nonmovant must bring forward *evidence* to create a genuine issue of material fact. *Giles v. Gen. Elec. Co.*, 245 F.3d

474, 493 (5th Cir. 2001) (emphasis added). Allegations in the nonmovant's complaint are not evidence. *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996).

The court must draw all reasonable inferences in favor of the nonmovant, refraining from making credibility determinations or weighing the evidence. *Bargher*, 928 F.3d at 444 (citing *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 328–29 (5th Cir. 2017)). However, conclusory allegations, unsubstantiated assertions, and speculation are insufficient to satisfy the nonmovant's burden." *Id.* The Fifth Circuit requires a nonmovant to submit "significant probative evidence" from which the jury could reasonably find for the nonmovant. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). The nonmovant's evidence must raise more than some "metaphysical doubt as to the material facts." *Funches v. Progressive Tractor & Implement Co., L.L.C.*, 905 F.3d 846, 849 (5th Cir. 2018). A genuine issue of fact does not exist "if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *City of Alexandria v. Brown*, 740 F.3d 339, 350 (5th Cir. 2014)).

2. <u>Substantive Law</u>

The PLRA was enacted to reduce the number of prisoner suits by weeding out unmeritorious claim. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). One of the ways the PLRA seeks to accomplish this goal is through a robust exhaustion requirement. *Id.* at 84–85. Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory. *Woodford*, 548 U.S. at 85. Exhaustion is not defined by the

4

PLRA; rather, it is defined by the particular prison's grievance procedures, and courts may not add or subtract from them. *Cantwell v. Sterling*, 788 F.3d 507, 509 (5th Cir. 2015).

Exhaustion is not jurisdictional, but rather an affirmative defense on which the defendant bears the burden of proof. *Jones v. Bock*, 549 U.S. 199, 216 (2007). As such, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Id.* Thus, when moving for summary judgment, a defendant "must establish beyond peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment in its favor." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).

The Fifth Circuit takes a strict approach to exhaustion. *Id.* at 268. Exhaustion must be completed before suit; it may not be excused if it occurs while the suit is pending. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). Substantial compliance is insufficient; prisoners must properly exhaust all available remedies by, among other things, complying with deadlines and procedural rules. *See Dillon*, 596 F.3d at 268.

***Application***

According to the BCADC Inmate Handbook, which was authenticated through an affidavit by Sergeant Rose De Los Santos, the Grievance Sergeant for the Bexar County Sheriff's Office and Custodian of Records for Inmate Grievances, an inmate must file a grievance within seventy–two (72) hours of the incident forming the basis of the grievance. (ECF No. 66, Exhs. 1, 2). It is undisputed that the assault allegedly sanctioned by Defendant McDermott occurred February 18, 2018. (ECF No. 19). Thus, to be timely, any grievance regarding the incident forming the basis of Williams's Eighth Amendment claim against Defendant McDermott had to be filed, according to the Inmate Handbook, by February 21, 2018.

5

(ECF No. 66, Exh. 2). However, according to the records before this Court, including a verified copy of all of Williams's grievances, the earliest report of the incident by Williams to any Bexar County official occurred on February 24, 2018. (ECF Nos. 35, Exh. 3; 140, Exh. 2). On that date, according to documents in the record, including an affidavit from Bexar County Deputy Sheriff Lieutenant Tony Guist, Williams called the Prison Rape Elimination Act ("PREA") hotline. (ECF Nos. 35, Exh. 3; 140, Exh. 2). The PREA hotline is for inmates to report incidents of sexual assault or harassment. However, when interviewed, Williams admitted he was not sexually assaulted or harassed, "but needed to tell someone he was physically assaulted on the 20th of February in living unit 1D." Williams seemed to believe this was sufficient to constitute the filing of a grievance "in accordance with section 22.C of the inmate handbook[,]" referring to it as a grievance in an appeal dated May 21, 2018. (ECF No. 35, Exh. 4). However, according to the Inmate Handbook, to file a grievance an inmate must write his complaint on the Inmate Grievance Form or any kind of paper if the form is unavailable. (ECF No. 35, Exh. 2). Thus, neither the telephone call to the PREA hotline nor Williams's verbal responses to Lieutenant Guist's questions constituted the filing of a grievance. (*Id.*). But, even if the Court were to assume the telephone call or verbal report was sufficient, it was untimely under the Inmate Handbook rules, occurring three days after the seventy–two (72) hour deadline for filing a grievance. (*Id.*).

The record before the Court shows Williams did not file a written grievance regarding the alleged February 18, 2020 assault until March 13, 2020, which is far beyond the deadline set out in the Inmate Handbook. (ECF No. 35, Exh. 3; 68, Exh. 2; 147, Exh. 1). Thus, any grievance regarding the assault allegedly sanctioned by Defendant McDermott was untimely, and therefore, Williams failed to exhaust his administrative remedies in accordance with requirements of the

Inmate Handbook. *See Dillon*, 596 F.3d at 268. This failure seemingly entitles Defendant McDermott to summary judgment, shifting the burden to Williams to bring forward *evidence* to create a genuine issue of material fact. *See Giles*, 245 F.3d at 493.

As noted, Williams filed a response and a supplemental response in opposition to Defendant McDermott's motion for summary judgment. (ECF Nos. 143, 147). Attached to the supplemental response is the grievance form filed by Williams on March 13, 2020, in which Williams officially reported the alleged February 20, 2018 assault. (ECF No. 147, Exh. 1). Despite this documentary evidence, and that referenced by the Court above, Williams contends he submitted "2 grievances regarding my 2/20/18 assault prior to 2/24/18." (ECF Nos. 68; 147, Exh. 1). Additionally, he makes numerous unsupported statements in his response and supplemental response suggesting he filed grievances "days prior" to his call to the PREA hotline, claiming he handed the grievances "to officers at the sergeant's desk." (ECF No. 143). He states it is "likely" the prior grievances were "balled into a paper ball & thrown in the trash." (*Id.*). However, in a motion asking this Court to waive the exhaustion requirement, which the Court denied, Williams states he placed the grievances allegedly filed prior to his PREA hotline call "in the regular outgoing mailbox, affixed to the wall right beside the box designated for grievances." (ECF Nos. 76, 77). This conflicts with his claim in his supplemental response that he personally handed the alleged grievances to officers at the sergeant's desk. *Compare* (ECF No. 76), *with* (ECF No. 143). Moreover, asking the Court to waive the exhaustion requirement is tantamount to an admission that he failed to do so.

Although the Court must draw all reasonable inferences in favor of Williams, the statements in his response and supplemental response, as well as the other responses previously

filed, are nothing more than conclusory allegations, unsubstantiated assertions, and speculation. As such, they are insufficient to satisfy Williams's burden to bring forward evidence creating a fact issue. *See Bargher*, 928 F.3d at 444. As stated by the Fifth Circuit, a genuine issue of fact does not exist "if the record taken as a whole could not lead a rational trier of fact to find for the non–moving party." *Brown*, 740 F.3d at 350. Williams has presented no summary judgment evidence that could lead a rational trier of fact to find in his favor. *See id.* The Court finds Williams's statements are insufficient to raise a fact issue negating summary judgment for Defendant McDermott based on Williams's failure to properly exhaust his administrative remedies.

## Conclusion

Based on the foregoing, and viewing the evidence in the light most favorable to Williams, the Court finds Defendant McDermott's summary judgment evidence establishes as a matter of law that Williams failed to exhaust his administrative remedies prior to filing suit. The Court further finds Williams failed to raise a fact issue barring summary judgment in favor of Defendant McDermott. Accordingly, Defendant McDermott is entitled to summary judgment with regard to Williams's claim that he violated his Eighth Amendment rights by "sanctioning" the assault on Williams by other inmates.

**IT IS THEREFORE ORDERED** that Defendant Andrew McDermott's "Motion for Summary Judgment and Supporting Brief" (ECF No. 140) is **GRANTED**, and Plaintiff Jemadari Chinua Williams's claim against Defendant McDermott is **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff Jemadari Chinua Williams's motion for summary judgment (ECF No. 160) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Jemadari Chinua Williams's motion to appoint counsel (ECF No. 139) is **DISMISSED WITHOUT PREJUDICE AS MOOT**.

It is so **ORDERED**.

**SIGNED** this 11th day of March, 2022.

                                                        XAVIER RODRIGUEZ
                                                        UNITED STATES DISTRICT JUDGE